NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELOY ROLE, | |
| Plaintiff, | Hon. Dennis M. Cavanaugh, U.S.D.J. |
| v. | Civil Action No.: 08-cv-6011 |
| LOCAL 3 P.M. & S.E. UNION and DAYTON INDUSTRIES, INC., | OPINION |
| Defendants. | |

DICKSON, U.S.M.J.

This matter comes before the Court *sua sponte* for appointment of *pro bono* counsel for *pro se* Plaintiff Eloy Role ("Plaintiff") pursuant to 28 U.S.C. § 1915.

I. BACKGROUND

On December 8, 2008, Plaintiff filed a Complaint against defendants Local 3 P.M. & S.E. Union ("Local 3") and Dayton Industries, Inc. ("Dayton") asserting claims of age discrimination under the Labor Management Relations Act ("LMRA") arising from Plaintiff's termination from Dayton as a tool and die maker. (Compl., ECF No. 1)

Over the course of the next two years, Plaintiff subsequently moved over eight times for leave to amend his Complaint to add claims under the Age Discrimination Employment Act ("ADEA"). During that time, Plaintiff also filed repeated motions and/or applications seeking other various forms of relief, most of which were denied. On September 20, 2010, the Court granted Plaintiff leave to amend his Complaint. (Order, ECF No. 132) On September 21, 2010,

1

Plaintiff filed an Amended Complaint in which Plaintiff alleges that he was unlawfully terminated by Dayton and replaced by a younger employee, and asserts claims against Local 3 and Dayton under the LMRA and the ADEA. (Amend. Compl., ECF No. 133)  The filing of the Amended Complaint, which was admittedly difficult, but not impossible, to understand, generated another round of motions when Local 3 and Dayton filed answers that were not in accordance with the federal rules of pleading. (Local 3 Ans. and Dayton Ans., ECF Nos. 135 and 138)

Plaintiff's representation of himself has had a difficult history in this Court.  As set forth below, Plaintiff has filed numerous applications, sometimes on a weekly basis.  Furthermore, this wrongful termination case has been pending for more than two years and discovery is not complete.  Plaintiff's relationship with the attorneys representing Local 3 and Dayton is strained, at best.  There is no cooperation between the adversaries so that the matter may be appropriately moved.  All of this, which the Court only briefly describes, has had the unfortunate effect of seriously impeding the administration of justice in this matter.  Accordingly, the Court has decided, *sua sponte*, to consider the appointment of *pro bono* counsel for Plaintiff.

## II.    LEGAL STANDARD

The Court has broad discretion to determine on a case-by-case basis whether to appoint counsel to a *pro se* plaintiff. *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).  The Court may appoint counsel upon motion or *sua sponte* if deemed necessary. *Id.* at 156.  In determining whether to appoint counsel, as a threshold matter, the Court must analyze the substance of the plaintiff's underlying claim for merit before engaging in any further evaluation. *See id.* at 155. Only after a determination that an plaintiff's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in *Tabron. See id.* These include whether:

>(1) the *pro se* party lacks the ability to present an effective case without an attorney;
>(2) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
>(3) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
>(4) the case is likely to turn on credibility determinations;
>(5) the case will require expert testimony; and
>(6) the party is unable to attain and afford counsel on his/her own behalf.

See *Parham v. Johnson*, 126 F.3d 454, 357 (3d Cir. 1997); *Tabron*, 6 F.3d at 155-56. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Tabron*, 6 F.3d at 157. Furthermore, the Court need not find that each of the *Tabron* factors is met before appointing *pro bono* counsel. *Brandt v. Ganey*, 2008 WL 5416393, at * 11 (D.N.J. Dec. 22, 2008).

### III. ANALYSIS

The Court must first determine whether Plaintiff's claims have merit. In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In the present case, Plaintiff alleges that he was unlawfully terminated by Dayton and was replaced by a younger employee in violation of the LMRA and the ADEA. Plaintiff also alleges that Local 3 failed to properly represent and protect his interests in connection with his termination. While Plaintiff's claims require evidentiary support,[1] the Court has concluded that

---

[1] Part of the issue confronting the Court has been Plaintiff's inability to secure meaningful discovery from the defendants. An experienced federal practitioner representing Plaintiff's interests should help to bring order out of the chaos that presently exists.

3

his claims may have sufficient merit in both law and fact, and therefore the other factors should be considered.[2]

The Court must then consider the ability of the plaintiff to present his or her case without the assistance of counsel. *See Tabron*, 6 F.3d at 156. A review of the history of motions and applications filed by Plaintiff from the onset of this matter demonstrates that Plaintiff has consulted the rules, statutes, and some case law but lacks the legal training to effectively present his case in federal court in accordance with the Federal Rules of Civil Procedure and other applicable law. Plaintiff's repeated, unorthodox, and often redundant motions and applications have resulted in a convoluted docket that has hindered the prosecution of his own case and wasted judicial resources as the Court spends substantial portions of its time reviewing applications that are improper or grounded in Plaintiff's mistaken ideas of the practice of federal litigation.

Accordingly, the Court finds that the administration of this litigation, now over two years old, will greatly benefit from the efficiency and clarity that would result from the appointment of an experienced trial attorney familiar with federal practice and federal rules as counsel for Plaintiff.

## IV. CONCLUSION

The administration of justice and fairness to the litigants requires the appointment of *pro bono* counsel at this time. Furthermore, the Court finds that special circumstances exist sufficient to allow the Court to order a direct appointment of counsel pursuant to Appendix H to the Local Civil Rules, Procedures Governing Appointment of Attorneys in Pro Se Civil Actions, at 1.

---

[2] Plaintiff, additionally, has indicated to the Court that he is unable to retain counsel due to his financial condition.

Consequently, the Court appoints Timothy M. Donohue, Esq. of Arleo, Donahue and Biancamano as *pro bono* counsel for Plaintiff.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. Dennis M. Cavanaugh, U.S.D.J.